# FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983

**In the United States District Court**
**District of** _____

David Wattleton, Representing Himself and On Behalf of Other Similarly Situated Persons
_____
Enter above the full name of the plaintiff
in this action.

vs.                                    **04-40181**
_____

United States Department of Justice
_____
Enter above the full name of the defendant
or defendants in this action.

## I. Parties

(In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of Plaintiff __David Wattleton__
   Current Address __FMC-Devens, P.O. Box 879, Ayers, MH 01432__

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the same information regarding any additional defendants.)

B. Defendant __United States Department of Justice__ is
   employed as __U.S Dept of Justice__
   at __960 Pennsylvania N.W., Washington, D.C. 20001__

C. Additional Defendants _____

## II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also include the names of any other persons involved, dates and places of events. You may cite Constitutional Amendments you alleged were violated, but do not give any legal arguments or quote any cases or statutes.

1.

If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. (Attach additional sheet if necessary).

See attached

### III. Relief

Briefly state exactly what you want the court to do for you. (Make no legal arguments. Do not cite cases or statutes.) See attached

(✓) Jury Trial          ( ) Non-Jury Trial

### IV. Place of present confinement  FMC-Devens, Ayers, MA

A. Is there a prisoner grievance procedure in this Institution? (✓) Yes   ( ) No

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
( ) Yes   (✓) No

C. If your answer is **Yes**:

1. What steps did you take? _____

2. What was the result? _____

2.

D. If your answer is **NO**, explain why not. _____N/A_____

E. If there is no prison grievance procedure on the institution, did you complain to the prison authorities?
( ) **Yes**     ( ) **No**

F. If your answer is **YES**:
   1. What steps did you take? _____
   
   2. What was the result? _____

V. **Previous Lawsuits**

   A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?
   (✓) **Yes**     ( ) **No**

   B. If your answer to A is **YES**: You must describe any lawsuits, currently pending or closed, in the space below. (If there is more than one lawsuit, you must describe the additional lawsuits on another piece of paper, using the same outline.)

   1. **Parties to previous lawsuit:**
   
   Plaintiff(s) __David Wattleton__
   
   Defendants __U.S. Dept of Justice__
   
   2. Court (if federal court, name the District; if state court, name county): __U.S. Dist Court Atlanta, GA__
   3. Docket number: __?__
   4. Name of Judge to whom case was assigned __?__
   5. Disposition (was the case dismissed? Appealed? Still pending?) __?__
   6. Approximate date of filing lawsuit __August 2004__
   7. Approximate date of disposition __?__

   I declare under penalty of perjury that the foregoing is true and correct.

   __9-1-04__                              __David Watt[signature]__
   (Date)                                  (Signature of Plaintiff)

3,

NOW COMES, the plaintiff David Wattleton, through pro se, representing himself and on behalf of those similarly situated persons hereby files this complaint under 42 U.S.C. Section 1983 against the Department of Justice (DOJ), alleging that the DOJ has singled him out and imposed an unfair burden upon him which others similarly situated have not been subjected which is in violation of the Equal Protection Clause of the Fourteenth Amendment. Mr Wattleton further argues that the DOJ cannot provide rationale or justification for imposing such an unfair burden upon him and he specifically seeks relief in the form of clarafication from this Court whether a civilly committed insanity acquittee can challenge the legality of his or her commitment in a 28 U.S.C. Section 2255, and if not, declare it unconstitutional. He also seeks class certification as the resolution of his complaint would significantly affect others similarly situated persons.

Essentially, Mr Wattleton is challenging the post judgment relief procedures for individuals civilly committed pursuant to 18 U.S.C. Section 4243. He believes that mentally normal defendants receive more favorable treatment by the DOJ when seeking post judgment relief. That is, if a mentally normal defendant wishes to challenge the constitutionality of his sentence he or she could file a Section 2255 in the federal court that entered the judgment. Mr Wattleton believes an insanity acquittee cannot challenge the constitutionality of his or her civil commitment via Section 2255

-1-

In demonstrating a Equal Protection Clause violation caused by the imposition of this unfair burden Mr. Wattleton can provide both direct and circumstantial evidence.

First and foremost, Mr Wattleton argues that he is an involuntary committed insanity acquittee and not a "Prisoner attacking a sentence" within the meaning of Section 2255. See, United States v Budell, 187 F 3d 1137 (9th Cir 1999). Secondly in his initial Section 2255 the district court and the Eleventh Circuit Court of Appeals ignored and refused to address all of Mr Wattleton's meritorious claims. He argues that in his Section 2255 he claimed that his defense counsel withheld exculpatory evidence from the court appointed psychiatrists and that the government's expert psychiatric witness withheld exculpatory evidence from the defense a Brady v Maryland violation. However, although the district court conceded that it could not determine from the record whether the court appointed psychiatrist received the evidence Mr Wattleton wanted the doctor to review the court did not order an evidentiary hearing nor did the Eleventh Circuit. As for Mr Wattleton's Brady claim the district court disingenuously noted that he did not state how the evidence was favorable to his defense. Mr Wattleton asserts that that is not true, he did state how the evidence was favorable to his defense. Nevertheless, the Eleventh Circuit refused to address Mr Wattleton's Brady claim. Mr Wattleton believes that had a mentally normal defendant raised a claim that his or her defense

counsel withheld exculpatory evidence and if the district court could not determine from the record whether the claim was meritorious the court would have ordered an evidentiary hearing and, if not a court of appeals on review would have. He further argues that had a mentally normal defendant raised a claim that the government withheld exculpatory evidence the district court and, or, a court of appeals on review would have addressed the merits of the Brady claim. Thus, Mr Wattleton concludes that the only reason his claims were not addressed properly is because an insanity acquittee cannot challenge the legality of his or her civil commitment via Section 2255.

Mr. Wattleton believes that it would be virtually impossible for him to challenge the legality of his involuntary commitment without a claim that his Sixth Amendment right to effective assistance of counsel was violated. Additionally, although he claimed that the government's expert witness withheld exculpatory evidence he also claims that the jury and Court relied upon false evidence to determine mental illness and dangerousness. Technically, these types of claims fall within the domain of Section 2255 and if the federal courts refuse to address these claims there may be no way to determine whether Mr Wattleton received his Sixth Amendment right to effective assistance of counsel. In other words, if he cannot argue ineffective assistance via Section 2255 then it means he has no such right to effective assistance of counsel.

-3-

Mr Wattleton believes that the reason that his case is the first in the United States where the government voluntarily presented insanity evidence and requested an insanity verdict was because they viewed his crime as a protest of which a finding of insanity would denigrate and forever close all avenues of redress or vindication for a violation of Mr Wattleton's Fourth Amendment rights caused by the intrusion into his private office by Detective's Orville Tucker and Gordon Houghton of the Roswell, Georgia Police Department. And the government's mental health experts were under pressure from the government to characterize the presence of a delusional disorder and they engaged into a conspiracy to falsify Mr Wattleton's medical records to "cover-up" and manipulate his evaluation and treatment in order to validate their opinions.

In conclusion, as Mr. Wattleton believes that he has been singled out by the DOJ for an unfair burden which others have not been subjected and the DOJ cannot provide any rationale or justification for imposing such an unfair burden he request relief in the form of a determination as to whether this alleged unfair burden violates Mr. Wattleton's Equal Protection Clause rights, and if so, declare it unconstitutional. The purpose of this complaint is to argue that the Equal Protection Clause of the Fourteenth Amendment mandates that the government must treat similarly situated persons the same and insanity acquittee's are (should be) entitled to challenge the legality of their civil commitments via Section 2255 and have all of their meritorious claims addressed by the courts in accordance with the law.

Wherefore, for the foregoing reasons Mr. Wattleton request an order from this Court consistent with the above.

Respectfully submitted,

David Wattleton