```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DAVID WATTLETON,                )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )   C.A. No. 04-40175-MLW
UNITED STATES DEPARTMENT OF     )
JUSTICE,                        )
                                )
        Defendant.              )
~~~~~~~~~~~~~~~~~~              )
                                )
DAVID WATTLETON,                )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )   C.A. No. 04-40181-MLW
UNITED STATES DEPARTMENT OF     )
JUSTICE,                        )
                                )
        Defendant.              )
```

MEMORANDUM AND ORDER ON APPLICATIONS TO
PROCEED WITHOUT PREPAYMENT OF FEES

For the reasons stated below, the Court denies without prejudice the plaintiff's application to proceed without prepayment of the filing fee.

BACKGROUND

Plaintiff David Wattleton is currently in custody at FMC Devens in Ayer, Massachusetts. He was civilly committed in 2000 after being acquitted by reason of insanity of making telephonic bomb threats. See United States v. Wattleton, 110 F. Supp. 2d 1380 (N.D. Ga. 2000), aff'd, 296 F.3d 1184 (11th Cir.), cert. denied, 527 U.S. 924 (2002). Wattleton was confined at FMC Butner in North Carolina prior to being transferred to FMC Devens

in the summer of 2004.

On October August 31, 2004 and September 3, 2004, Wattleton filed two complaints in which he alleges that the United States Department of Justice violated his right to equal protection under the law by treating those convicted of crimes more favorably than persons acquitted of crimes by reason of insanity. Wattleton maintains that this alleged misconduct is actionable under 42 U.S.C. § 1983.

In each lawsuit, Wattleton also filed an application to proceed without prepayment of the $150.00 fee assessed for commencing a civil action.  In these applications, Wattleton reports that he has not received income from any source in the past twelve months.  He also represents that he does not have any cash, checking or savings accounts, or non-liquid assets. Wattleton did not provide any information concerning any trust fund accounts at FMC Devens or FMC Butner.  Instead, Wattleton simply states that he does not need to submit a six month prison account statement because he is not a prisoner within the meaning of 28 U.S.C. § 1915(h).

## DISCUSSION

The Court denies Wattleton's applications to proceed <u>in forma pauperis</u> because it appears that the information Wattleton provided in his application is incomplete.

I.   Applicability of 28 U.S.C. § 1915(a)(1)

Wattleton is correct in stating that civilly committed patients are not "prisoners" within the meaning of 28 U.S.C. § 1915(h).  See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001); Trouville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999).  The Court therefore agrees with Wattleton that he is not required to submit the certified prison account statement required of prisoners under 28 U.S.C. § 1915(a)(2).

Nonetheless, Wattleton's applications to proceed without prepayment of the filing fee must meet the requirements of 28 U.S.C. § 1915(a)(1).  This provision permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security."  28 U.S.C. § 1915(a)(1).  Despite the statute's use of the phrase "such prisoner" the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis.  See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997), abrogated in part by statute on other grounds,

see <u>Callihan v. Schneider</u> 178 F.3d 800, 803 (6th Cir. 1999); <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).[1]  Moreover, the standard application to proceed without prepayment of the filing fee used by the Court requires the applicant to sign under penalty of perjury that the information therein is true and correct.

II.  <u>Information Provided by Wattleton</u>

Here, it appears that Wattleton has not provided all of the information required by 28 U.S.C. § 1915(a)(1) nor has he fully or accurately responded the questions in the application to proceed <u>in forma pauperis</u>.  On the one hand, Wattleton states in his applications that he has not received any income for the past twelve months, and that he does not have any cash or checking or savings accounts.  On the other hand, Wattleton represents in another pleading filed with this Court that he does have a trust fund account at FMC Devens (which the Court considers to be a form of cash or a savings account) and that deposits are made to that account (suggestive of income).  See <u>Wattleton v. John Doe</u>, 04-40206-PBS (D. Mass.) (docket entry 1, filed Oct. 14, 2004) (alleging that FMC Devens officials violated 28 U.S.C. § 1915 by

---

[1] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error .  <u>See</u> <u>In re Perry v. Secretary of Hous. & Urban Dev.</u>, 223 B.R. 167, 169 n.2 (8th Cir. 1998); <u>Leonard v. Lacy</u>, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

4

collecting multiple filing fees simultaneously rather than sequentially).[2]

In light of Wattleton's failure to comply with the affidavit requirements of 28 U.S.C. § 1915(a)(1), the Court cannot make a finding that Wattleton is entitled to proceed in forma pauperis. Accordingly, the Court denies the motions to proceed in forma pauperis without prejudice. Wattleton may file new motions to proceed in forma pauperis; he is advised, however, that he must report in that application the source of any income he has received in the past year, including the source of deposits to any trust fund accounts. He must also treat trust fund accounts as cash or savings accounts when responding to question number four on the standard application provided by the Court.

If Wattleton does not pay the filing fees or submit new applications to proceed in forma pauperis within forty-two days of the date of this order, his cases will be dismissed without prejudice for failure to pay the filing fee.

## CONCLUSION

Accordingly, the Court denies without prejudice Wattleton's motions to proceed in forma pauperis. If Wattleton chooses to

---

[2]Further, although Wattleton clearly had a trust fund account and money was being deposited into that account at the time he filed the complaint in Wattleton v. John Doe, he represented in his application to proceed in forma pauperis in that case (docket entry 2) that he had not received income in the preceding twelve months and that he did not have cash or a savings account.

5

proceed with prosecution of the cases captioned in this order, he must, within forty-two (42) days of the date of this order, pay the filing fees or submit new applications for waiver of the filing fee containing all of the information requested therein and signed under pains of perjury.

The Clerk shall provide applications to proceed <u>in forma pauperis</u> to the plaintiff.

SO ORDERED.

| | |
|---|---|
| <u>June 30, 2005</u> | <u>/s/ Mark L. Wolf</u> |
| DATE | UNITED STATES DISTRICT JUDGE |